Edythe M. WHITE, Appellant,

v.

Helen R. McALLISTER et al., Appellees.

Court of Appeals of Kentucky.

Jan. 31, 1969.

As Modified on Denial of Rehearing
June 27, 1969.

James T. Carey, Carey, O'Bryan, Duffy
& McDonald, Louisville, for appellant.

Hogan, Taylor, Denzer & Bennett, John
L. Bennett, Henry A. Triplett, Louisville,
for appellees.

CLAY, Commissioner.

Appellant plaintiff, a pedestrian, was injured when struck on a street in St. Matthews by an automobile driven by appellee defendant June McAllister. The issue of liability hinged on whether plaintiff, when attempting to cross the street, was within a "marked" crosswalk. At the conclusion of all the evidence the circuit court directed a verdict for the defendant on the ground that as a matter of law no marked crosswalk existed at the place of the accident.

Plaintiff was attempting to cross Frankfort Avenue, a heavily traveled thoroughfare in a business district, about midway between intersections. She was struck by defendant's automobile, moving west in the curb driving lane, when she had taken a very few steps from the curb. (The evidence indicates she could not have traveled more than three feet.) She had failed to observe the approaching vehicle.

Plaintiff's principal contention is that there was conflicting evidence on the issue of the existence of a marked crosswalk at the point she attempted to cross which raised an issue of fact the jury should determine. Plaintiff concedes she was contributorily negligent as a matter of law unless, at the time of the accident, she was in a "marked" crosswalk.

■ This accident happened between intersections on a six-lane street in a metropolitan area where no traffic signals or signs identified a crosswalk. Under KRS 189.570(2), (4) (a), (c), a pedestrian has the right of way in crossing between intersections only if he is within a "marked" crosswalk. The interpretation of this statute is, of course, a matter of law. 50 Am. Jur., Statutes, section 219 (page 198); Louisville and Nashville R. Co. v. Commonwealth, Ky., 314 S.W.2d 940.

The statute does not define a "marked crosswalk", and we find no Kentucky decisions construing this term. However, in the light of traffic conditions commonly known to prevail in metropolitan areas, and in the light of the traffic problems with which KRS 189.570 attempts to cope, it is evident that a "marked" crosswalk must be one which is clearly identifiable.. The pedestrian has a right to know if he can properly cross a street between intersections without violating KRS 189.570(4) (a), (c). By the same token, since the motorist is required to yield the right of way to a pedestrian using such a crosswalk, he is entitled to adequate notice of the existence of a street condition which imposes upon him this special duty. A "marked" crosswalk normally would be one laid out *on the street*.

■ Under the laws of Washington, as quoted in Krogh v. Pemble, 50 Wash.2d 250, 310 P.2d 1069, a marked crosswalk is defined as one "distinctly indicated", and the opinion refers to a crosswalk "plainly" marked. There is testimony in the present case by an engineer that in establishing and maintaining a crosswalk it should be kept "painted" and "solid". There is no magic here. The trial court recognized that a marked crosswalk should be "well defined", "well painted", "definite", "clearly marked" and "distinctly marked". In the light of commonly known traffic conditions and standards of conduct, and in the context of the statutory mandate, we can divine no other possible reasonable interpretation of the word "marked". In summary, a crosswalk of this character must be clearly identifiable on the street by distinct and adequate markings. This conclusion effectively undermines plaintiff's argument because it is not even contended that this crosswalk was marked as we have indicated.

In seeking to create a jury issue, plaintiff introduced evidence to the effect that at one time there had been a marked crosswalk at this point, which is true. There was also some rather generalized testimony with respect to some "lines across the street", and a statement that lines toward the center of the street "were more worn away". It was also proven that there was a cut through the elevated median strip between the three eastbound and the three westbound lanes of traffic. However, the plaintiff herself introduced fairly representative, excellent, enlarged photographs of this area which established beyond question that no marked crosswalk existed.

As we have mentioned, at one time there had been a properly marked crosswalk at this point. Apparently it had been last painted "around" 1963. Subsequently there was an official decision to close or abandon the crosswalk. This was to be done by simply allowing the painted lines to be obliterated by the weather and traffic movement. (This method was justifiably criticized by the trial judge.) As so clearly shown by the photographs, that is what happened. The original lines had been completely obliterated in the two traffic lanes on each side of the median strip, except for possibly some scarcely discernable flecks of white paint. In the curb lane there were still traceable (though not solid) lines, which it would appear originally

marked the crosswalk but also appear as additional boundary lines for marked parking blocks. The worn character of these lines indicates their abandonment. It was held in Krogh v. Pemble, 50 Wash.2d 250, 310 P.2d 1069, 1070, above cited, that the "original markings were so dimmed by time" that they no longer constituted a "marked crosswalk".

It is contended by plaintiff that the opening in the elevated median strip is a marking, and with this we are inclined to agree. However, in view of the fact that this street in six lanes wide at this point this break in the narrow median strip could not be said to be a sufficient marking to control pedestrian and motor vehicle traffic in the driving lanes.

From what we have said above, it is apparent that the testimony of plaintiff's witnesses with regard to the existence of a marked crosswalk lacked probative value in view of the physical conditions so clearly portrayed by the photographs introduced by the plaintiff. We having determined, as did the trial court, that as a matter of law the statutory reference to a "marked crosswalk" must mean one which is clearly identifiable on the street by distinct and adequate markings, and having found the plaintiff's own evidence established no such markings existed, there was nothing to submit to the jury. The directed verdict on this ground was proper.

It is unnecessary for us to determine whether defendant would still have been entitled to a directed verdict, assuming a marked crosswalk existed, on the ground that even though the plaintiff had the right of way she was contributorily negligent. Plaintiff's contention that she was entitled to a "last clear chance" instruction is totally lacking in merit because of the immediacy of the events preceding the accident.

The judgment is affirmed.

All concur.