**BLACK ENERGY MINING,
INC., Appellant,**

**v.**

**NATURAL RESOURCES AND ENVI-
RONMENTAL PROTECTION
CABINET, Appellee.**

No. 87–CA–2173–S.

Court of Appeals of Kentucky.

Jan. 13, 1989.

As Modified on Denial of Rehearing
April 7, 1989.

B.R. Paxton, Paxton & Kusch, Central City, for appellant.

James L. Dickinson, Natural Resources and Environmental Protection Cabinet, Frankfort, for appellee.

Before HOWERTON, C.J., and GUDGEL and WILHOIT, JJ.

WILHOIT, Judge.

Black Energy Mining, Inc., appeals from a judgment dismissing its petition for review of a final order of the Natural Resources and Environmental Protection Cabinet. The circuit court dismissed the petition on grounds of improper venue.

Black Energy sought a partial release of a performance bond covering an interim surface mining permit. After its request was denied by the cabinet, Black Energy filed petitions for review in Muhlenberg Circuit Court and Franklin Circuit Court. The Franklin Circuit Court abated its proceedings pending resolution of the Muhlenberg Circuit Court action. The cabinet moved to dismiss the petition filed in Muhlenberg Circuit Court, asserting grounds of improper venue and failure to state a cause of action. The circuit court granted the cabinet's motion, stating that it did not have proper venue.

Black Energy argues that KRS 350.-032(2), as amended in 1986, placed venue in the local circuit court. This statute reads in pertinent part as follows:

> (2) Any person aggrieved by a final order of the cabinet may obtain a review of the order by filing in the circuit court of the county within which the mine is located, within thirty (30) days after the entry of the order, a written petition praying that the order be modified or set aside in whole or in part, provided that a surety on a performance bond shall not file such petition until it has complied with subsection (3) of this section.

The cabinet, on the other hand, points to KRS 224.085(1) as the controlling statute. This statute provides in pertinent part: "Appeals may be taken from all orders of the natural resources and environmental protection cabinet. Such appeals shall be taken within thirty (30) days from the rendition of such order to the Franklin Circuit Court."

KRS Chapter 350 concerns the regulation and control of surface mining operations. It contains an extensive scheme for obtaining, maintaining, and revising a surface mining permit. *See* KRS 350.060 et seq. Chapter 224 of the statutes is a comprehensive act relating to environmental protection. KRS 350.032(2) and KRS 224.085(1) conflict when establishing venue for actions challenging final orders of the cabinet.

■ KRS 350.090(1) directs an applicant for a reclamation permit to KRS 224.083 and KRS 224.085 for hearing requests and appeal provisions. However, we are not pointed to a corollary statute regarding appeal procedures for a request for a partial bond release. The cabinet cites 405 KAR 7:090 Section 5(1)(a), which provides that a person aggrieved by an order or determination of the cabinet may request a hearing pursuant to KRS 224.081(2). The cabinet then argues that since the hearing is commenced under Chapter 224, the appeal provision of that chapter controls. The fallacy of this argument is that the cabinet lacks the authority to establish the venue of an action; the cabinet must adhere to the statutes on this matter. *Roppel v. Shearer*, Ky., 321 S.W.2d 36, 39 (1959); *cf. Natural Resources & Environmental Protection Cabinet v. Pinnacle Coal Corp.*, Ky., 729 S.W.2d 438, 439 (1987).

■ The cabinet also argues that KRS 350.032(2) applies only to orders imposing a penalty for failing to follow surface mining statutes or regulations, and asserted at oral argument that the penalty provisions result in the only orders by which a person could be aggrieved under Chapter 350. However, a person could also be aggrieved by the denial or renewal of a permit (KRS 350.085(6)), or the denial of a permit revision (KRS 350.070). KRS 350.032(2), the statute dealing more specifically with surface mining and which is also a more recent statute than KRS 224.085(1), controls the venue in this action. *See Troxell v. Trammell*, Ky., 730 S.W.2d 525, 528 (1987).

The circuit court judgment is reversed and this matter is remanded for proceedings consistent with this opinion.

All concur.