Thomas BEATUS, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

No. 96–CA–3342–DG.

Court of Appeals of Kentucky.

March 20, 1998.

Wilbur M. Zevely, Florence, for Appellant.

A.B. Chandler, III, Attorney General, Frankfort, Charles W. Vaughn, Special Assistant Attorney General, Paducah, for Appellee.

Before COMBS, EMBERTON and HUDDLESTON, JJ.

### OPINION

COMBS, Judge.

This Court granted discretionary review of a McCracken Circuit Court order which affirmed the McCracken District Court conviction of Thomas Beatus (Beatus) for operating a commercial vehicle under the influence of alcohol (KRS 281A.210) and imposed penalties contained in KRS Chapter 189A. Pursuant to this Court's order of February 7, 1997, granting discretionary review, the sole issue on appeal is whether penalties can be invoked from KRS 189A.010 and imputed to individuals convicted under KRS 281A.210. We disagree that those penalties can be applied interchangeably and reverse the court order accordingly.

On May 5, 1996, Officer Rob Estes (Estes) stopped Beatus after observing him driving a semi-tractor truck in an erratic manner, swerving over the center line and hitting the overpass curb. Estes administered two field sobriety tests and a preliminary breath test (PBT); Beatus failed all three tests. Estes arrested Beatus and charged him with operating a motor vehicle under the influence in violation of KRS 189A.010. Beatus registered 0.153 grams/210 liters on the Intoxilyzer 5000 breathalyzer test.

Prior to trial, the Commonwealth amended the charge to a violation of KRS 281A.210, which deals solely with the operation of *commercial vehicles* "while under the influence of alcohol or other controlled substance." At trial, the Commonwealth sought to impose penalties listed in KRS 189A.010 for a conviction pursuant to KRS 281A.210. Beatus objected. The trial judge overruled the objection, and Beatus entered a conditional guilty plea and was accordingly convicted under KRS 281A.210. Invoking KRS 189A.010, the district court imposed a fine of four hundred seventy-seven dollars ($477.00) and a fourteen-day jail term (conditionally discharged). The circuit court affirmed the trial court's sentence, and this appeal followed.

Beatus argues that the district court was incorrect in imposing penalties derived from KRS 189A.010 in a KRS 281A.210 conviction since the latter statute specifically refers to penalties contained in KRS Chapter 281A. He further contends that a court cannot read any additional language into the plain meaning of a statute. He maintains that even if courts were permitted to interpret legislative intent underlying the codification of statutes, the trial court still erred in interpreting KRS 281A.210.

The Commonwealth contends that the statutes are meant to be read and construed together. Although KRS Chapter 281A provides *administrative* penalties for violations, the Commonwealth nonetheless argues that the language in KRS 281A.210(4) is not a limitation—but rather an expansion—of the penalties that can be imposed. *See Hardin County Fiscal Court v. Hardin County*

*Board of Health,* Ky.App., 899 S.W.2d 859 (1995) (a statute should be construed, if possible, to give effect and meaning to each part of it). The Commonwealth maintains that since KRS 281A.210(4) specifically defines a driver of a commercial vehicle with an alcohol concentration exceeding 0.04 as driving under the influence, Chapter 189A is applicable.

KRS 281A.210 provides,

(3) A person who drives a commercial motor vehicle within this state with an alcohol concentration of four hundredths (0.04) or more shall be deemed to be operating a vehicle under the influence.

(4) A person who drives a commercial motor vehicle within this state with an alcohol concentration of four hundredths (0.04) or more, ..., in addition to any other sanctions that may be imposed *under this chapter* shall be disqualified from driving a commercial motor vehicle under KRS 281A.190.

(Emphasis added.)

■ Interpreting statutes is a matter of law. *White v. McAllister,* Ky., 443 S.W.2d 541, 542 (1969). The issue of whether penalties from KRS 189A.010 can be utilized in the context of a violation of KRS 281A.210 is strictly a matter of law based on statutory construction, entitling a reviewing court to exercise a lesser level of deference to the judgments of the McCracken courts.

After careful review, we agree with the McCracken Circuit Court's reasoning that the legislature enacted Chapter 281A in order to apply more stringent controls to the operators of commercial vehicles in light of the heightened likelihood of danger inherent in the improper operation of their vehicles. KRS 281A.020 sets forth among the chapter's purposes "reduc[ing] or prevent[ing] commercial vehicle accidents, fatalities and injuries." KRS 281A.020(2) states:

[t]his chapter shall be liberally construed to promote public health, safety and welfare. As applied to commercial drivers, to the extent this chapter conflicts with general driver licensing provisions this chapter prevails. If this chapter is silent, general driver licensing provisions shall apply.

■ This Court also agrees with the McCracken Circuit Court that the state legislature intended that operators of commercial vehicles be considered "under the influence" if their blood alcohol level exceeded 0.04. However, we find that the McCracken Circuit Court erred in commingling these two statutory chapters by permitting the district court to elect to prosecute under one and penalize pursuant to the other.

While Beatus was initially arrested and charged pursuant to KRS 189A.010, the Commonwealth elected to amend the charge and to proceed to trial pursuant to KRS 281A.210. In so electing, it bound itself to invoke the penalty provision contained at that chapter and did not have the option of reaching into KRS Chapter 189A in order to enforce and punish a violation pursuant to KRS 281A.

■ Each statutory chapter is self-contained and complete; each reflects its own, distinct legislative purpose. The heightened, more stringent blood alcohol concentration of 0.04 contained at 281A.210 is a tougher standard than that applied to non-commercial drivers, implementing the legislative intent that drivers of huge commercial vehicles bear a heavier burden as to sobriety—an objective commensurate with the potentially greater havoc they would wreak on the public if driving under the influence. The penalty provision of KRS 281A is tailored to satisfy and correlate with that legislative intent.

The General Assembly easily could have incorporated commercial and non-commercial drivers into one statutory scheme for the purpose of prosecuting and penalizing drinking/drunken drivers. In the alternative, it could have made specific reference to the separate penalty provisions in each chapter, announcing its intent that those provisions could be invoked and applied interchangeably. The legislative silence on this point reflects the clear and unambiguous legislative intent that these two chapters have two separate functions and create separate expectations of punishment in offenders.

We hold that it was error for the trial court to permit the Commonwealth to prosecute under KRS 281A and to seek to penalize under KRS 189A. Therefore, we reverse the McCracken Circuit Court and remand with directions that judgment be entered consistent with this opinion.

All concur.