Charles Curtiss **SHEWMAKER**,
Appellant,

v.

**COMMONWEALTH of Kentucky, Natural Resources & Environmental Protection Cabinet, Appellee.**

No. 1999–CA–001472–MR.

Court of Appeals of Kentucky.

Sept. 22, 2000.

Mary Ann Kiwala, Louisville, for Appellant.

Wendell H. Overcash, Frankfort, for Appellee.

BEFORE: BUCKINGHAM, KNOPF, and SCHRODER, Judges.

*OPINION*

SCHRODER, Judge:

This is an appeal from an order dismissing an appeal of a decision of the Natural Resources and Environmental Protection Cabinet (the "Cabinet") on grounds of lack of jurisdiction. At issue in this case is the conflict between KRS 151.186(1) and KRS 224.10–470(1)—whether appeals from decisions of the Cabinet should be brought in the Franklin Circuit Court or the circuit court of the county wherein the activity is located. Because the language in both statutes speaks in terms of "all final orders" of the Cabinet and there is no mention of a particular subject matter covered under either statute, we believe the statutes contain a latent ambiguity. We resolve that ambiguity by holding that violations of Chapter 223 and Chapter 224 are to be appealed to the Franklin Circuit Court while violations of Chapter 151 are to be appealed to the circuit court where the structure or activity which is the sub-ject of the order is located. Hence, we affirm.

A notice of violation was issued by the Cabinet's Division of Water to the appellant, Charles Curtiss Shewmaker, for violations relating to the design and construction of groundwater monitoring wells which were installed as part of the site remediation at an underground storage tank. A hearing was held on the matter after which the hearing officer recommended assessment of a penalty against Shewmaker. The Cabinet thereafter adopted the findings of fact and conclusions of law of the hearing officer and, by order, advised Shewmaker of his right to appeal pursuant to KRS 224.10–470 and KRS 151.186. Shewmaker then filed an appeal in the Spencer Circuit Court, the county where the wells in question were located, and in the Franklin Circuit Court. Upon motion of the Cabinet in the Spencer Circuit Court, the court dismissed the appeal on grounds that it lacked subject matter and personal jurisdiction. This appeal by Shewmaker followed.

KRS 151.186(1) provides in pertinent part:

Appeals may be taken from all final orders of the cabinet. Within thirty (30) days from entry of the final order the appeal shall be taken to the Circuit Court of the county where the structure or activity which is the subject of the order is located.

KRS 224.10–470(1) provides in pertinent part:

Appeals may be taken from all final orders of the Natural Resources and Environmental Protection Cabinet. The appeal shall be taken to the Franklin Circuit Court within thirty (30) days from the entry of the final order.

Chapter 151 is entitled "GEOLOGY AND WATER RESOURCES". The portion of KRS 151.186(1) providing that appeals shall be brought in the county where the structure or activity is located was enacted in 1980. Chapter 224 is entitled

"ENVIRONMENTAL PROTECTION", and the portion of KRS 224.10–470(1) providing that appeals shall be brought in the Franklin Circuit Court was enacted in 1984. Both chapters were amended in 1992 without resolving this latent conflict.

■ Shewmaker argues that he is permitted to bring his appeal in the Spencer Circuit Court because the violation for which he was cited was related to potential groundwater contamination. Conversely, the Cabinet argues that only the Franklin Circuit Court has jurisdiction pursuant to KRS 224.10–470 because Shewmaker was cited for violations under KRS Chapter 223 and KRS Chapter 224.

In support of their positions, both parties cite to *Black Energy Mining, Inc. v. Natural Resources and Environmental Protection Cabinet*, Ky.App., 767 S.W.2d 334 (1989), wherein the appellant attempted to bring an appeal of an order of the Cabinet denying a partial release of a performance bond in the county where the mine was located. In *Black Energy Mining*, the Court was faced with a similar conflict in the appeal provisions of KRS 350.032(2) (stating that appeals from final orders of the Cabinet shall be brought in the "county within which the mine is located") and KRS 224.085(1) (providing that appeals "from all orders" of the Cabinet shall be taken to the Franklin Circuit Court). The Court held that KRS 350.032(2) (the county where the mine was located) controlled the venue in the action because KRS 350.032(2) dealt more specifically with surface mining and was the more recent statute. However, in the instant case, there is no language in either statute referring to a specific type of activity, and both statutes refer to "all final orders" of the Cabinet. Further, although the pertinent language in KRS 224.10–470(1) was enacted more recently than KRS 151.186, both statutes were amended in 1992, and the provisions establishing where appeals "from all final orders" of the Cabinet are to be taken were not altered in either statute.

■ It is presumed that the Legislature was cognizant of preexisting statutes at the time it enacted a later statute on the same subject matter. *Miller v. Jones*, Ky. App., 658 S.W.2d 888 (1983); *Commonwealth v. Boarman*, Ky.App., 610 S.W.2d 922 (1980). Courts will also presume that where the Legislature intended a subsequent act to repeal a former one, it will so express itself as to leave no doubt as to its purpose. *Tipton v. Brown*, 277 Ky. 625, 126 S.W.2d 1067 (1939). Since the wording of both statutes does not refer to a specific type of activity and refers to "all final orders" of the Cabinet, and both were amended effective July 14, 1992, we believe there is a latent ambiguity in both statutes.

■ Normally, title heads, chapter heads, section and subsection heads or titles in the Kentucky Revised Statutes do not constitute part of the law. KRS 446.140. However, in the case of conflicts and latent or patent ambiguities, reference may be made to the Acts of the General Assembly. KRS 446.130. Also, the legislative intent in such cases requires an examination of available information bearing on the purpose to be accomplished by the legislation in question. *Swift v. Southeastern Greyhound Lines*, 294 Ky. 137, 171 S.W.2d 49 (1943). In resolving the apparent conflict, the courts are required to give both statutes effect if possible. *Cawood v. Coleman*, 294 Ky. 858, 172 S.W.2d 548 (1943). The court must not be guided by a single sentence in each statute but look to the provisions of the whole statute. *Democratic Party of Kentucky v. Graham*, Ky., 976 S.W.2d 423 (1998).

In reviewing the legislative history, we note that both KRS 224.10–470 and KRS 151.186 were amended by Senate Bill 330. However, there is more to that Bill. Section 1 amends KRS 224.10–470 to expand due process for violations under Chapter 224 and defines what a final order is under that chapter. Section 2, immediately following, amends KRS 224.10–470 to cover

appeals of "final" orders and also adds "to the Franklin Circuit Court." Section 3 begins the amendments to KRS 151.182, et seq. Subsection 2 thereunder, expands KRS 151.297, and defines what is and what is not a final order. Section 4 deals with due process for violations of Chapter 151, followed by Section 5 which amends appeals to be from "final" orders only.

We believe that the context in which these statutes were amended *implies* that KRS 224.10–470 applies to violations under Chapter 224, and KRS 151.186 applies to violations under Chapter 151. *See Earthgrains v. Cranz,* Ky.App., 999 S.W.2d 218 (1999). Any other interpretation would lead to an absurd conclusion that the General Assembly didn't know what it was passing. *Kentucky Indus. Utility Customers, Inc. v. Kentucky Utilities Co.,* Ky., 983 S.W.2d 493 (1998). Also, this interpretation gives effect to *both* statutes. *Cawood,* 294 Ky. 858, 172 S.W.2d 548; *Commonwealth v. Halsell,* Ky., 934 S.W.2d 552 (1996). Each statutory chapter remains self-contained and complete, reflecting its own distinct legislative purpose. *Beatus v. Commonwealth,* Ky.App., 965 S.W.2d 167 (1998).

We do not believe that it matters that the Cabinet advised Shewmaker of his right to appeal under both KRS 224.10–470 and KRS 151.186. Since the Cabinet enforces both Chapters, it is inevitable that some generic forms or language will be used. Shewmaker's attorney must have realized that when filing appeals in both Franklin Circuit Court *and* Spencer Circuit Court.

For the foregoing reasons, the judgment of the Spencer Circuit Court is affirmed.

ALL CONCUR.