**B.F. Appellant**

v.

**T.D. Appellee.**

**No. 2005–SC–000557–DG.**

Supreme Court of Kentucky.

June 15, 2006.

Bryan Daniel Gatewood, Johnson & Gatewood, PSC, Louisville, KY, Courtney Joslin, Shannon Minter, National Center for Lesbian Rights, San Francisco, CA, Counsel for Appellant.

Franklin P. Jewell, David Duane Fuller, Louisville, KY, Counsel for Appellee.

Opinion of the Court by Justice LAMBERT.

The question presented is whether one who is not a parent but who has nevertheless participated substantially in the support and rearing of a child for a significant period of time has standing to claim a right of custody or visitation upon discontinuance of the cohabitational relationship with the parent.

Appellant, B.F., and Appellee, T.D., were in a cohabitational relationship for approximately eight years. After living together for a time, the couple decided they wanted to have a child together. Accordingly, they decided to adopt a daughter, but only T.D. was the adoptive parent. This was due to the parties' uncertainty of Kentucky law with respect to same-sex couples jointly adopting a child. The child lived with the couple until she was six years old at which time T.D. and B.F. discontinued their relationship. B.F. asserts that T.D. had agreed to execute legal documents that recognized B.F. as a guardian or custodian of the child, but no such documents were ever executed.

Despite her lack of a recognized legal or biological relationship with the child, B.F. asserts that she is a de facto custodian of M.D. The trial court held an evidentiary hearing and concluded that B.F. did not meet the requirements of Kentucky law for de facto custodian status. The Court of Appeals affirmed and B.F. sought discretionary review in this Court. We granted review, heard oral argument, and now affirm the Court of Appeals.

KRS 403.420 limits standing to commence a child custody action to a parent, a de facto custodian of the child, or a person other than a parent only if the child is not in the physical custody of one of the par-

ents.[1] As Appellant is neither a biological nor adoptive parent of M.D., and at the time Appellant instituted a custody proceeding in Jefferson Circuit Court, the child was in the physical custody of her mother, Appellant's only avenue is to claim de facto custodian status.

With respect to who may be a de facto custodian, Kentucky statutory law is comprehensive. The General Assembly has legislated fully in this area and this court is bound to apply those statutes. KRS 403.270 defines "de facto custodian" as "a person who has been shown by clear and convincing evidence to have been the primary caregiver for, and financial supporter of, a child who has resided with the person for a period of . . . one (1) year or more if the child is three (3) years of age." After hearing the evidence, the trial court held that even though B.F. was the primary financial supporter of the child, T.D. was the child's primary caregiver. Specifically, the court found:

> The Petitioner's own testimony did not convince the Court, by clear and convincing evidence, that she was the primary caregiver of [the child]. While Petitioner would watch [the child] from time to time when Respondent was gone for short periods of time, the Respondent took care of almost all of the daily needs of the child. [She] always bathed the child, fed the child, brushed her hair, taught her to brush her teeth, met with teachers at parent/teacher conferences, signed report cards, clothed the child, took her to all her doctor and dentist appointments, administered her medi-

cation and generally took care of all of [the child's] physical, mental and emotional needs. This finding is supported by not only the Petitioner's testimony, but also the Respondent's testimony and several other witnesses who testified on behalf of the Respondent.

This finding is not clearly erroneous,[2] and from it the trial court concluded that B.F. had failed to meet the requirements of the law to be deemed a de facto custodian.

The trial court limited its consideration of the case to whether B.F. qualified as a de facto custodian even though B.F. also asserted a right to custody based on common law theories such as waiver. Prior to the hearing, the trial court verbally assured B.F. that she would be able to present additional arguments in subsequent proceedings even if she lost on the de facto custodian issue. However, upon concluding that B.F. did not qualify as a de facto custodian, the case was dismissed. In its written order of dismissal, the trial court acknowledged the previously given assurance that B.F. would have an opportunity to present further arguments. However, upon further study of the issue, the trial court determined that B.F.'s failure to qualify for de facto custodian status under the statutes precluded any further consideration. Specifically, the trial court correctly determined that absent de facto custodian status, B.F. did not have standing to assert any other claims.[3]

The Court of Appeals noted that this Court had employed the doctrine of *in loco parentis* to allow visitation rights to nonparents. However, it held that because

1. KRS 403.400 *et seq.* (We note that the Uniform Child Custody Jurisdiction Act has been repealed and is now embodied in the Uniform Child Custody Jurisdiction and Enforcement Act, enacted in 2004. Because Appellant's suit was filed in 2003, the statutes in effect at that time control the litigation) (We also note that Grandparent visitation is not

implicated here. Such claims are governed by KRS 405.021.)

2. CR 52.01.

3. *See Consalvi v. Cawood*, 63 S.W.3d 195 (Ky. App.2001).

B.F. failed to present her non-statutory claims to the trial court, they were not preserved. In any event, and despite the unfortunate misleading of B.F., we agree with the trial court's reasoning. Formerly, it was within the trial court's discretion to allow an interested party to intervene in custody proceedings.[4] Such was the law that governed the case cited by the Court of Appeals concerning the *in loco parentis* doctrine.[5] However, current law is more restrictive of the court's discretion with respect to who may attain standing to claim custody.[6] Furthermore, the cases cited by B.F. regarding waiver are inapplicable. In those cases, the non-parent attained standing because the child was not in the physical custody of either of the parents. The issue of waiver is relevant only to the standard required to gain custody. It does not arise unless the party has standing to make the claim.[7]

We are not unaware of the recent decision of the Supreme Court of Washington, *Carvin v. Britain,*[8] where that court took an expansive view of its common law and equitable powers with respect to allowing standing to seek custody in circumstances not dissimilar to those presented here. Notably, however, there was no de facto custodian statute available for the presentation of the applicant's claims. As such, if the applicant was to be heard at all, it was upon non-statutory grounds.[9] In this case, KRS 403.420 and KRS 403.270 are controlling. Despite her significant relationship to the child, B.F. was not the child's parent and the child was in the custody of her only parent, T.D. Thus, B.F.'s only avenue for obtaining standing to claim custody was to prove that she was a de facto custodian and in this respect, her proof failed.

Accordingly, we affirm.

COOPER, GRAVES, JOHNSTONE, ROACH, SCOTT, and WINTERSHEIMER, JJ., concur.

---

4. KRS 403.260(5)(repealed 1980).

5. *Simpson v. Simpson,* 586 S.W.2d 33 (Ky. 1979).

6. KRS 403.260 stated in pertinent part:
   (4) A child custody proceeding is commenced in the circuit court:
   (a) By a parent, by filing a petition:
   1. For dissolution or legal separation; or
   2. For custody of the child in the county in which he is permanently resident or found; or
   (b) By a person other than a parent, by filing a petition for custody of the child in the county in which he is permanently resident or found, but only if he is not in the physical custody of one of his parents.
   (5) Notice of a child custody proceeding shall be given to the child's parent, guardian, and custodian, who may appear, be heard, and file a responsive pleading. The court, upon a showing of good cause, may permit intervention of other interested parties.
   The current statute, KRS 403.420 retains all but section (5) of the former KRS 403.260. In place of section (5) is the de facto custodian provision.

7. *See e.g., Moore v. Asente,* 110 S.W.3d 336 (Ky.2003).

8. 155 Wash.2d 679, 122 P.3d 161 (Wash. 2005), *cert. denied,* —— U.S. ——, 126 S.Ct. 2021, —— L.Ed.2d —— (2006).

9. *Id.*