Scott COFFEY, et al., Appellants

v.

James M. WETHINGTON, Appellee.

No. 2012–SC–000721–DGE.

Supreme Court of Kentucky.

Feb. 20, 2014.

James Lee Avritt, Jr., Lebanon, KY, Counsel for Appellants.

Elmer J. George, Lebanon, KY, Counsel for Appellee.

SCOTT, Justice.

Appellants, Scott and Melissa Coffey, sought custody of two minor children after their mother's death, which a Green County Circuit Court ultimately awarded them. Appellee, James Wethington, the children's biological father, appealed the court's decision. The Court of Appeals vacated the trial court's judgment with instructions to dismiss Appellants' custody petition on the grounds they lacked standing according to KRS 403.800 *et seq.* Appellants thus petitioned this Court for discretionary review on the issue of standing, which we granted. After a complete review of the record and applicable law, we now reverse the decision of the Court of Appeals.

## I. BACKGROUND

Appellee and Joann Wethington were married and had two children. The couple divorced in April 2001, and the terms of the divorce settlement provided that the parents were to have joint custody of their children, with Joann designated as "primary residential custodian." Appellee was granted visitation every other weekend, four weeks during the summer months, and extended visits during holiday breaks.

However, during the next five years, Appellee admits that he did not visit with his children on a consistent basis, only seeing them once or twice a summer and for a couple of hours on Thanksgiving and Christmas. Appellee also failed to maintain contact by phone, only calling the children on the day he intended to pick them up.

As of Joann's death on January 23, 2010, Appellee acknowledges that he had not seen his children in thirteen months. Both children admit that their relationship with their father is "not good at all," and that they also do not have any type of relationship with his extended family. However,

they do have a very close relationship with their maternal grandmother, as well as aunts, uncles, and cousins on their mother's side.

Appellants, who are Joann's nephew and his wife, were awarded emergency custody of the two children after Joann's death. Social worker Christie Huddleston filed a petition alleging that the children were dependent on Appellants "due to the sudden death of their mother and due to their father's whereabouts being unknown at [the] time." Although Appellee appeared on January 25, 2010, for a temporary removal hearing, the court entered a "Temporary Custody Order" continuing Appellants' custody of the children.

Thereafter, the Department of Community Based Services (DCBS) was ordered to perform a "Relative Home Evaluation" for both parties. The evaluation for Appellee was quite unfavorable, and thus, the DCBS did not recommend placement with him, as its report stated:

Mr. Wethington has a substantiated CPS history [related to another child]:

10–12–2000 Child is being left home alone from 2:30 a.m. until she gets on school bus around 7:00 a.m. Father is at work during this time. The father uses alcohol excessively. His wife (the child's step-mother) and their children just left the home a few days ago because of his alcohol abuse.

Substantiated neglect.

09–15–2003 According to a referral source child has bruises on her arm from where her father hit her with a 2x4 last Wednesday. Child is afraid of her father.

Substantiated physical abuse.

06–30–2004 Victim is a 15–year–old runaway who turned self into EPD. Victim states she has been sexually abused by her biological father for the last 7 or 8 years.

Substantiated sex abuse.

Appellants filed a petition in Green Circuit Court on February 17, 2010, seeking permanent custody of the children. The trial court initially awarded Appellants temporary custody, but Appellee was given limited supervised visitation on Sundays. Although Appellee exercised his Sunday visitation rights, he concedes that he did not have any contact with his children during the week. Appellee is of the opinion that the children did not want to spend time with him, and he did not want to force the issue.

After considering the evidence, the trial court entered very detailed Findings of Fact, Conclusions of Law and Judgment which awarded joint custody of the children to the parties, but directed that the children reside primarily with Appellants. Appellee was awarded daytime visits every other weekend on Saturday from 8:00 a.m. until 8:00 p.m. and Sunday from 12:00 p.m. until 7:00 p.m. as well as certain holidays. However, he did not take advantage of his visitation rights on a regular basis.

Even though he rarely exercised his visitation rights, Appellee appealed to the Court of Appeals on the following grounds:

(1) That the trial court erred when it found Appellants had standing to file the petition for custody under KRS 403.800(13);

(2) That the trial court erred by finding Appellee to be an unfit parent; and

(3) That the trial court erred in the way that it defined and applied the term "abandonment" when it found Appellee to be unfit.

The Court of Appeals reversed the trial court's judgment on the grounds that Appellants lacked standing, but did not address the issues of Appellee's fitness as a

parent. Appellants then petitioned this Court for discretionary review on the issue of standing, which we granted.

## II.  ANALYSIS

### A.  Lack of Standing

Appellants argue that the Court of Appeals erroneously ruled that they did not have standing to pursue the custody action. Specifically, Appellants allege that given that they were "persons acting as a parent" of the children, that they have a right to petition the court under KRS 403.800 et. seq. As the dispositive issue in this case involves the construction and application of a statute, we review it de novo without any deference to the interpretations adopted by the lower courts. *Wheeler & Clevenger Oil Co., Inc. v. Washburn,* 127 S.W.3d 609, 612 (Ky.2004).

Prior to 2004, standing to bring a custody action under the Uniform Child Custody Jurisdiction Act (UCCJA) was limited under KRS 403.240 to "a parent, a defacto custodian of the child, or a person other than a parent only if the child is not in the physical custody of one of the parents." Appellants concede that they would lack standing under the UCCJA. However, the UCCJA was repealed in 2004 and replaced by the Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA) as adopted by the Kentucky Legislature in KRS 403.800 *et seq.* While the UCCJEA was originally adopted to address issues regarding *interstate* custody disputes, this Court held in

*Mullins v. Picklesimer,* 317 S.W.3d 569, 575 (Ky.2010) that is also applied to *intrastate* matters.

In *Mullins,* this Court addressed the significance of this modification:

"It is presumed that the Legislature was cognizant of preexisting statutes at the time it enacted a later statute on the same subject matter." *Shewmaker v. Commonwealth,* 30 S.W.3d 807, 809 (Ky. App.2000). Instead of requiring that the child *not* be in the physical custody of the parent as KRS 403.240 did, the new statute grants standing to a nonparent who, acting as parent to the child, has physical custody of the child. Hence, KRS 403.822 would seem to permit standing in a shared custody co-parenting situation, since there is no longer a requirement of physical custody to the exclusion of the parent, if the nonparent can meet one of the requirements of subsection (b) of KRS 403.800(13)—she has been awarded legal custody or claims a right to legal custody under Kentucky law.

317 S.W.3d 569 at 577. According to this Court's holding, it appears that if a nonparent has physical custody of a child and has been awarded legal custody or claims a right to legal custody then the non-parent has standing.

■ At issue in this case is whether Appellants would have standing under KRS 403.822(*l* )(b).[1] The issue of standing

---

1. KRS 403.822(1)(b) provides:

(1) Except as otherwise provided in KRS 403.828, a court of this state shall have jurisdiction to make an initial child custody determination only if:

(a) This state is the home state of the child on the date of the commencement of the proceeding, or was the home state of the child within six (6) months before the commencement of the proceeding and the child is absent from this state but a parent or

person acting as a parent continues to live in this state; or

(b) A court of another state does not have jurisdiction under paragraph (a) of this subsection, or a court of the home state of the child has declined to exercise jurisdiction on the ground that this state is the more appropriate forum under KRS 403.834 or 403.836; and

1. The child and the childs parents, or the child and at least one (1) parent or a

in the present case turns on whether Appellants fall within the category of "person acting as a parent" as required by the statute, given that there is no dispute they meet the other requirements. KRS 403.800(13) defines "person acting as a parent" as:

A person, other than a parent, who:

(a) Has physical custody of the child or has had physical custody for a period of six (6) consecutive months, including any temporary absence within one (1) year immediately before the commencement of a child custody proceeding; and

(b) Has been awarded legal custody by a court or claims a right to legal custody under the law in this state.

Thus, the term 'person acting as a parent' has been redefined, and has been broadened from its original definition in the UCCJA to include a person who has acted as a parent for a significant period of time prior to the filing of the custody proceeding as well as a person who currently has physical custody of the child.

The Court of Appeals addressed the issue regarding standing as follows:

Interpretation of KRS 403.800(13) appears to be a matter of first impression. Our reading of the statute, however, reveals that the six month requirement applies to any party seeking custody, whether he or she currently has or previously had physical custody. Accordingly, the Coffeys did not meet the definition of "person acting as parent" and consequently did not possess standing under KRS 403.833(1)(b).

However, the Court of Appeals misinterpreted the language and meaning of the statute.

"The cardinal rule of statutory construction is that the intention of the legislature should be ascertained and given effect." *Jefferson Cnty. Bd. of Educ. v. Fell*, 391 S.W.3d 713, 718 (Ky.2012) (*citing MPM Fin. Grp., Inc. v. Morton*, 289 S.W.3d 193, 197 (Ky.2009)). "Thus, we first look at the language employed by the legislature itself, relying generally on the common meaning of the particular words chosen." *Id.* at 719 (*citing Caesars Riverboat Casino, LLC v. Beach*, 336 S.W.3d 51, 58 (Ky.2011)).

A simple reading of the statute indicates that the six-month requirement that the Court of Appeals determined Appellants failed to meet does not apply to those who are currently in physical custody of the child. KRS 403.800(13)(a) states:

Has physical custody of the child *or* has had physical custody for a period of six (6) consecutive months, including any temporary absence within one (1) year immediately before the commencement of a child custody proceeding[.]

(Emphasis added.) Therefore, in order to be considered "a person acting as a parent" one must either have physical custody of the child *or* have had physical custody for a period of six consecutive months within one year of the commencement of the child custody proceeding. The six-month requirement does not apply to those currently in physical custody of the child, as Appellants clearly were at the commencement of this action.

Therefore, the Court of Appeals simply misread the conjunction "or." If the legislature had intended that the six-month requirement apply to those currently having custody of the child, then it would have

---

person acting as a parent, have a significant connection with this state other than mere physical presence; and

2. Substantial evidence is available in this state concerning the child's care, protection, training, and personal relationships . . . .

indicated that by using "and" instead of "or." Based upon its misinterpretation of the statute, we reverse the Court of Appeals, as we find, that Appellants did in fact have standing under the comports of KRS 403.800 *et seq.*

Appellee's remaining issues were not addressed by the Court of Appeals. Therefore, we remand this case back to the Court of Appeals for further consideration of the remaining issues.

### III.  CONCLUSION

For the aforementioned reasons, we reverse the Court of Appeals' opinion and remand for further proceedings consistent with this opinion.

MINTON, C.J.; ABRAMSON, CUNNINGHAM, NOBLE, and VENTERS, JJ., concur. KELLER, J., not sitting.