

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-14-00073-CV

IN RE:  MARIA CRUZ BUSALEH

Original Mandamus Proceeding

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Chief Justice Morriss

Maria Cruz Busaleh and her husband, Amer Busaleh, moved to Saudi Arabia in 2003. In June 2013, under the pretense of visiting her parents, Maria left Amer in Saudi Arabia and travelled with her five daughters to Bonham, Texas. At the end of July, Maria and her daughters fled to Kentucky, allegedly to escape Amer's domestic violence.[1] On November 6, 2013, the State of Kentucky issued an emergency protective order against Amer that (1) was valid for six months, (2) granted temporary custody of the children to Maria, and (3) prohibited Amer from having any contact with Maria or the children.

On April 15, 2014, while the Kentucky emergency protective order was still active, Amer filed a divorce proceeding against Maria in the County Court at Law of Fannin County and prayed to be named sole managing conservator of the children.[2] Before the expiration of the emergency protective order, Kentucky issued an order of protection May 5, 2014, preventing Amer from coming within 500 feet of Maria or the children.[3] On May 6, 2014, Maria filed for divorce in Kentucky.

Arguing that Kentucky was the children's home state, Maria filed a special appearance and a plea to the jurisdiction in the Fannin County divorce proceeding. Although it was

---

[1]On August 9, 2013, Amer filed a suit affecting parent child-relationship in Fannin County. The trial court dismissed this suit for want of jurisdiction.

[2]Amer testified that he lived in Collin County, not Fannin County, from July 2013 until May 2014, when he returned to Saudi Arabia.

[3]The May 5, 2014, protective order is still in effect.

uncontested that the children had resided in Kentucky since August 1, 2013,[4] and were enrolled in school there as of August 13, 2013, Maria's special appearance and plea to the jurisdiction were denied. Further, in spite of the Kentucky protective order, (1) Amer was appointed temporary joint managing conservator of the children, (2) a visitation schedule was set requiring Maria to deliver the children to Amer, and (3) Maria was ordered to move to Bonham by August 23, 2014, with the children or face contempt of court. Maria brings this mandamus proceeding arguing that the finding that Texas is the children's home state constitutes an abuse of discretion. We agree. We conditionally grant Maria's petition for writ of mandamus and direct the trial court to stay this proceeding and communicate with the Kentucky court. *See Powell v. Stover*, 165 S.W.3d 322, 323 (Tex. 2005) (orig. proceeding). If the Kentucky court does not determine that Texas is a more appropriate forum, Amer's petition for divorce shall be dismissed in Fannin County. *Id.* The writ will issue only if the trial court does not comply.

"Motivated in part to prioritize 'home state jurisdiction' in child custody proceedings, Texas adopted the Uniform Child Custody Jurisdiction and Enforcement Act" (UCCJEA), which establishes clear rules under which a court has jurisdiction and discourages competing child custody orders.[5] *In re Dean*, 393 S.W.3d 741, 743 (Tex. 2012) (orig. proceeding). Mandamus is an extraordinary remedy appropriate only when an abuse of discretion has occurred and the relator is without an adequate appellate remedy. *Walker v. Packer*, 827 S.W.2d 833, 839–40

---

[4]Maria filed an affidavit stating that she and the children began receiving Kentucky health benefits August 1, 2013, and were accepted to the Kentucky Supplemental Nutrition Assistance Program August 8, 2013. The timeline in this affidavit was not contested by Amer, who had no knowledge of where the children were living after Maria fled. In December 2013, Maria obtained a Kentucky driver's license.

[5]Kentucky adopted the UCCJEA in 2004. KY. REV. STAT. ANN. §§ 403.800–.880 (West 2004); *Coffey v. Wethington*, 421 S.W.3d 394, 397 (Ky. 2014)

(Tex. 1992) (orig. proceeding); *see In re J.D. Edwards World Solutions Co.*, 87 S.W.3d 546, 549

(Tex. 2002) (orig. proceeding). "A writ of mandamus is an appropriate means to require a trial

court to comply with the UCCJEA's jurisdictional requirements." *Powell*, 165 S.W.3d at 324.

An abuse of discretion occurs if the law has not been analyzed or applied correctly. *Id.*

Construction of the UCCJEA's "home state" provision as codified in the Texas Family Code and

the existence of subject-matter jurisdiction are questions of law that we review de novo. *Id.*

Except in cases invoking temporary emergency jurisdiction, which is not at issue here, a

Texas court "has jurisdiction to make an initial child custody determination only if" the

requirements of Section 152.201 of the Act are met. TEX. FAM. CODE ANN. § 152.201(a) (West

2014). Section 152.201 confers jurisdiction only if:

> (1)  this state is the home state of the child on the date of the commencement of the proceeding, or was the home state of the child within six months before the commencement of the proceeding and the child is absent from this state but a parent or person acting as a parent continues to live in this state;
>
> (2)  a court of another state does not have jurisdiction under Subdivision (1), or a court of the home state of the child has declined to exercise jurisdiction on the ground that this state is the more appropriate forum under Section 152.207 or 152.208 . . . .[6]

---

[6]Sections 152.207 and 152.208 of the Texas Family Code do not apply to this case. Section 157.207 provides that Texas may decline to exercise jurisdiction if it is an inconvenient forum. TEX. FAM. CODE ANN. § 152.207 (West 2014). Amer relies heavily on Section 157.208 for the proposition that the trial court can exercise jurisdiction over Maria because she engaged in reprehensible conduct. However, that section, titled "Jurisdiction declined by reason of conduct," provides a means for a court to decline to exercise jurisdiction if the party seeking to invoke the trial court's jurisdiction has engaged in unjustifiable conduct. TEX. FAM. CODE ANN. § 152.208 (West 2014); *see In re S.L.P.*, 123 S.W.3d 685, 689 (Tex. App.—Fort Worth 2003, no pet.). Maria is not seeking to invoke the trial court's jurisdiction.

(3)    all courts having jurisdiction under Subdivision (1) or (2) have declined to exercise jurisdiction on the ground that a court of this state is the more appropriate forum to determine the custody of the child under Section 152.207 or 152.208; or

(4)    no court of any other state would have jurisdiction under the criteria specified in Subdivision (1), (2), or (3).

TEX. FAM. CODE ANN. § 152.201(a).

The UCCJEA prioritizes home state jurisdiction. A child's home state is "the state in which a child lived with a parent or a person acting as a parent for at least six consecutive months immediately before the commencement of a child custody proceeding." TEX. FAM. CODE ANN. § 152.102(7) (West 2014). "The child's physical location is the central factor to be considered when determining the home state."[7] *In re Walker*, 428 S.W.3d 212, 216 (Tex. App.—Houston [1st Dist.] 2014, orig. proceeding) (citing *Powell*, 165 S.W.3d at 326, 328; *In re Brown*, 203 S.W.3d 888, 891–92 (Tex. App.—Fort Worth 2006, orig. proceeding)). The proceeding in this case commenced with the filing of the petition for divorce April 15, 2014. It was uncontested that the children had lived with Maria in Kentucky since August 1, 2013. Thus, under Section 152.201(1) of the Texas Family Code, Kentucky—not Texas—was the home state of the children at the time the divorce proceeding was filed.

Under Section 152.201(2), because Kentucky was the children's home state, Texas had jurisdiction only if Kentucky declined to exercise its initial child custody jurisdiction. However, at the time Amer filed seeking divorce in Texas, Kentucky had already exercised that jurisdiction in issuing protective orders against Amer.

_____

[7]Amer argues that the children's home state is Texas because Maria's parents live in Texas, the children visited Maria's parents for lengthy periods of time while they were living in Saudi Arabia, and Marie and Amer have a vacant lot in Bonham.

While the trial court recognized the Kentucky emergency protective order, it mistakenly held that, because it "was not a suit affecting the parent-child relationship or a divorce," there was no prior child custody proceeding.[8] "'Child custody proceeding' means a proceeding in which legal custody, physical custody, or visitation with respect to a child is an issue . . . . includ[ing] a proceeding for . . . neglect, abuse . . . , and protection from domestic violence in which the issue may appear." TEX. FAM. CODE ANN. § 152.102(4) (West 2014). The Kentucky emergency order awarded temporary custody of the children to Maria and prohibited Amer from any contact with the children. We find that Kentucky's emergency protective order was issued in a child custody proceeding. Because (1) Kentucky was the children's home state and (2) Kentucky has not declined to exercise its jurisdiction, we find that Kentucky had jurisdiction over child custody proceedings involving the Busaleh children pursuant to Section 152.201. *See* TEX. FAM. CODE ANN. § 152.201(a); *Saavedra v. Schmidt*, 96 S.W.3d 533, 541 (Tex. App.—Austin 2002, no pet.). Further, the May 5, 2014, order indicated Kentucky's intent to continue its exercise of jurisdiction pursuant to the UCCJEA.

Section 152.206 provides,

> [A] court of this state may not exercise its jurisdiction under this subchapter if, at the time of the commencement of the proceeding, a proceeding concerning the custody of the child has been commenced in another state having jurisdiction substantially in conformity with the chapter, unless the proceeding has been terminated or is stayed by the court of the other state because a court of this state is a more convenient forum.

---

[8]The trial court also stated its belief that it had jurisdiction "as a result of the filing of a SAPCR last August 2013." However, the suit affecting parent-child relationship referenced by the trial court was dismissed for want of jurisdiction.

TEX. FAM. CODE ANN. § 152.206(a) (West 2014). Because a child custody proceeding had been commenced in Kentucky, the Texas court was required to "stay its proceeding and communicate with the court of the state having jurisdiction." TEX. FAM. CODE ANN. § 152.206(b) (West 2014). Though requested, that has not occurred.

Due to the erroneous finding that Texas was the children's home state, the intent of the UCCJEA was thwarted with simultaneous proceedings involving child custody issues in two different states without any conference with the children's home state. Instead, the trial court issued orders—which would expressly violate the Kentucky protective order if carried out— requiring Maria to move to Bonham so that she could deliver the children to Amer for visitation. That was contrary to the letter and spirit of the UCCJEA.

Accordingly, we conditionally grant Maria's petition for writ of mandamus and order that this proceeding be immediately stayed in the trial court and a conference be accomplished with the Kentucky court. If the Kentucky court does not determine that Texas is a more appropriate forum under Sections 152.207 or 152.208 of the Texas Family Code, this proceeding shall be dismissed in Fannin County. *See generally Dean*, 393 S.W.3d 741. The writ will issue only if that does not occur.

Josh R. Morriss, III
Chief Justice

Date Submitted:     October 6, 2014
Date Decided:       October 7, 2014

7