RENDERED: MAY 6, 2022; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2021-CA-0697-MR

CONNIE TOWNS                                                          APPELLANT

v.          APPEAL FROM JEFFERSON CIRCUIT COURT
            HONORABLE BRYAN D. GATEWOOD, JUDGE
            ACTION NO. 20-CI-501120

JAMES JUDKINS; EDWARD BIBB;
J.J., A CHILD; STEPHANIE
FELDNER; AND WHITNEY BIBB                                              APPELLEES

OPINION
AFFIRMING

** ** ** ** **

BEFORE: CLAYTON, CHIEF JUDGE; COMBS AND GOODWINE, JUDGES.

COMBS, JUDGE: The Appellant, Connie Towns, appeals from the dismissal of

her petition to be declared *de facto* custodian of a minor child due to her lack of

standing. After our review, we affirm.

As a preliminary observation, we note that no Appellee's brief has been filed. CR[1] 76.12(8)(c) provides that we may elect among three courses of action in such an event. We may opt to: "(i) accept the appellant's statement of the facts and issues as correct; (ii) reverse the judgment if appellant's brief reasonably appears to sustain such action; or (iii) regard the appellee's failure as a confession of error and reverse the judgment without considering the merits of the case." That is a matter which lies in our discretion. *Roberts v. Bucci*, 218 S.W.3d 395 (Ky. App. 2007). Because of the sensitive and serious nature of cases involving the custody of children, we have elected to address the merits.

On May 20, 2020, Towns filed a combined petition to be declared *de facto* custodian of a minor child, to be awarded custody, and to reverse immediate entitlement to custody. According to her petition, the child, J.J., was born on September 26, 2015. Towns alleged that she is related to the biological father without stating or elaborating on the nature of her relationship. After J.J. was removed from her biological parents at birth, she was placed in the custody of her paternal grandmother, Sonseeahray Judkins.

Towns alleged that J.J. began living with her (Towns) in February 2016 and claimed that between February 2016 and August 2019, Towns effectively became J.J.'s primary caregiver and source of financial support. In August 2019,

---

[1] Kentucky Rules of Civil Procedure.

J.J. was removed from the paternal grandmother and was placed in the temporary custody of the Cabinet for Health and Family Services following an investigation by Child Protective Services. Towns's petition recites that since September 2019, the child has been in the temporary custody of "the Respondents, Edward and Whitney Bibb . . . who currently resided [*sic*] in Indiana . . . . as a result of a Jefferson County dependency, neglect and abuse action against both of the parents."

By an order entered on August 3, 2020, the trial court appointed Amy Harrington as J.J.'s guardian *ad litem* (GAL). She was the child's GAL in the dependency, neglect, and abuse (DNA) action. On September 9, 2020, the GAL filed a motion to dismiss the petition on the ground that Towns lacked standing. J.J. had been in the Bibbs' permanent custody for more than a year as well as having been in her grandmother's custody previously.

On September 11, 2020, Towns filed an objection to the GAL's motion and contended that permanent custody had not been achieved because the Bibbs had not had J.J. for more than a year. Although she claims that a copy of the temporary custody order was attached, the only attachment to Towns's objection in the record before us is a "Standard Power of Attorney for Medical/School Decision Making" (POA). Towns maintained that J.J.'s "former permanent custodian" -- *i.e.*, her grandmother, Ms. Judkins -- "relinquished custody" to Towns and gave her

the POA.  The POA was dated ***June 15, 2017***, but it stated that J.J. was residing

***with Judkins*** -- contradicting the allegations in Towns's petition that J.J. had

begun living with her in February 2016.

On September 15, 2020, Towns moved for a hearing on her petition.

By an order entered on October 8, 2020, the trial court scheduled a case

management conference "on the Petition to be Declared Defacto Custodian" for

December 7, 2020.

On December 7, 2020, the trial court conducted a Zoom conference

which lasted nearly half an hour.  The court heard counsel's arguments.  Towns

also had the opportunity to speak at the conference -- although she did not present

sworn testimony.  The court explained that it did not see how Towns could get past

the issue of standing, but it announced that it would review the DNA file and issue

a ruling on standing.

On April 16, 2021, the trial court entered an order dismissing with

prejudice as follows:

> This case came before the Court [on] December 7,
> 2020[,] on Petitioner's motion to be determined a
> DeFacto Custodian of [J.J.], a child.  Present were the
> Petitioner, Ms. Connie Towns with counsel, . . . and the
> child's [GAL] from the [DNA] action . . . . The Court
> heard arguments from both counsel and has reviewed
> both this action and the entire DNA action regarding this
> child and rules as follows:

Towns is asking for a determination by this Court declaring her to be a Defacto Custodian of the above named child. The GAL strongly objects and submits the case of Wethington v. Coffey [*sic*], No. 2011-CA-000555-ME [2012 WL 4744200 (Oct. 5,] (2012). That case speaks to the issues of whether the Petitioners had the standing to bring forth that action, and ultimately the Court said No they did not as they did not meet the requirements of KRS[2] 403.822(1)(b) "person acting as parent" [*sic*]. This case is on point to this action.

Petitioner Towns provided a Power of Attorney document signed on June 15, 2017, . . . however that document does not show any physical possession of the child changing from the custodian at that time and even states on the document that the child resides with the then custodian [Ms. Judkins] at her home.

The Court has thoroughly reviewed the DNA action and can find no mention of this Petitioner being involved with this child in that case. Nor is there any mention by the Cabinet for Health and Family Services about her involvement with the child. There has been nothing provided to this Court to show that the Petitioner meets the requirements of KRS 403.822(1)(b)[3] and therefore could not reach the designation of De Facto for this child.

On April 26, 2021, Towns filed a motion to alter, amend, or vacate pursuant to CR 59.05, contending that she was entitled to a hearing; that the court erred in concluding that she did not have standing; and that *Wethington*, *supra*, is distinguishable. On May 3, 2021, Towns filed a motion to set aside the trial

---

[2] Kentucky Revised Statutes.

[3] It appears that the reference in this sentence to KRS 403.822(1)(b) may be a typographical error. The designation of *de facto* custodian is governed by KRS 403.270(1)(a).

court's order pursuant to CR 60.01 and 60.02 on grounds that the court erroneously relied upon *Wethington v. Coffey*, *supra*, which had been reversed in *Coffey v. Wethington*, 421 S.W.3d 394, 398 (Ky. 2014). Towns again argued that she had standing and was entitled to proceed.

By an order entered on May 19, 2021, the trial court denied her motions, concluding that Towns failed to prove that relief was appropriate under CR 59.05 and/or CR 60.02. That order set forth as follows:

> [Towns] assert[s] that the Court mistakenly relied upon the case of **Wethington v Coffey** . . . .
>
> The Court disagrees with [Towns's] position that [she was] not afforded an opportunity to be heard. Counsel presented argument at the case management conference as standing is a preliminary, procedural issue which must be determined prior to the matter going forward.
>
> . . . .
>
> After hearing from counsel during the case management conference, reviewing the record of the DNA action and applying applicable statutory and case law, the Court concluded that Petitioners do not have standing. . . . The Court is satisfied that it did not misinterpret or misapply KRS 403.800 or the language contained in **Wethington**.

(Emphases original.)

Towns appeals. She contends that she is entitled to a hearing in order to demonstrate that she is entitled to standing as a *de facto* custodian under KRS

-6-

403.270 and as "a person acting as a parent" under KRS 403.800(13), arguing that the trial court abused its discretion in dismissing the matter for lack of standing. We address her two arguments together.

Our Court analyzed the relevant statutes in *Lambert v. Lambert*, 475 S.W.3d 646, 650-51 (Ky. App. 2015), as follows:

> Prior to adoption of the Uniform Child Custody Jurisdiction and Enforcement Act ("UCCJEA"), KRS 403.800 *et seq.* standing to bring a custody action was limited to "a parent, a *de facto* custodian of the child, or a person other than a parent only if the child is not in the physical custody of one of the parents." *B.F. v. T.D.*, 194 S.W.3d 310 (Ky. 2006). However, "[t]he current statute confers standing on the child's parent(s) or 'a person acting as a parent.'" *Mullins v. Picklesimer*, 317 S.W.3d 569, 574–75 (Ky. 2010). Achieving *de facto* custodian status is no longer necessary to bring an action for child custody; under the UCCJEA, one must only qualify as a "person acting as a parent" in order to have standing to bring such an action.
>
> KRS 403.800(13) states:
>
> "Person acting as a parent" means a person, other than a parent, who:
>
> (a) Has physical custody of the child or has had physical custody for a period of six (6) consecutive months, including any temporary absence, within one (1) year immediately before the commencement of a child custody proceeding; and
>
> (b) Has been awarded legal custody by a court or claims a right to legal custody under the law of this state[.]

-7-

"While the UCCJEA was originally adopted to address issues regarding interstate custody disputes, [our Supreme] Court held in *Mullins v. Picklesimer*, 317 S.W.3d 569, 575 (Ky. 2010) that is also applied to intrastate matters." *Coffey v. Wethington*, 421 S.W.3d at 397.

In order to establish *de facto* status, a person must meet the requirements set forth in KRS 403.270. The version of the statute in effect when Towns filed her petition provided in relevant part that:

> (1) (a) As used in this chapter and KRS 405.020, unless the context requires otherwise, "de facto custodian" means a person who has been shown by clear and convincing evidence to have been the primary caregiver for, and financial supporter of, a child who has resided with the person for a period of six (6) months or more if the child is under three (3) years of age and for a period of one (1) year or more if the child is three (3) years of age or older or has been placed by the Department for Community Based Services. Any period of time after a legal proceeding has been commenced by a parent seeking to regain custody of the child shall not be included in determining whether the child has resided with the person for the required minimum period.
>
> (b) A person shall not be a de facto custodian until a court determines by clear and convincing evidence that the person meets the definition of de facto custodian established in paragraph (a) of this subsection. Once a court determines that a person meets the definition of de facto custodian, the court shall give the person the same standing in custody matters that is given to each parent under this section

and KRS 403.280, 403.340, 403.350, 403.822, and
405.020.

We cannot agree that the trial court abused its discretion in dismissing this matter on standing without conducting an evidentiary hearing. Clearly, Towns was afforded an opportunity to be heard.

Additionally, any alleged error is not properly before us. The trial court stated at the case management conference that it would review the DNA file and make a decision on standing. At that point, Towns voiced no objection to the decision's being made prior to an evidentiary hearing.

> This court has held time and time again that, in order to be considered on appeal, a specific objection must have been raised in the trial court[.] Since [mother] did not object … to the entry of a custody decree prior to her opportunity to present her case, we may not consider this alleged error on appeal.

*Lambert*, 475 S.W.3d at 651 (internal quotation marks and citation omitted).

Towns is correct that *Wethington v. Coffey*, *supra*, cited by the trial court, was indeed reversed in *Coffey v. Wethington*, 421 S.W.3d 394. Nevertheless, we find no error in the court's determination that Towns did not meet the requirements of a "person acting as parent." The facts in *Coffey* are materially distinguishable from those in the case before us. In *Coffey*, our Supreme Court explained that:

> [I]n order to be considered "a person acting as a parent" one must **either** have physical custody of the child *or*

-9-

> have had physical custody for a period of six consecutive months within one year of the commencement of the child custody proceeding. **The six-month requirement does not apply to those currently in physical custody of the child** . . . .

*Id.* at 398 (emphasis added). The Supreme Court reversed because the appellants in *Coffey* were in physical custody of the child at the commencement of that action.

By contrast, it was uncontroverted that Towns did not have physical custody of J.J. when she filed her petition on May 20, 2020. Nor did Towns have physical custody of the child for six consecutive months within one year immediately prior to filing her petition because J.J. was placed in the Cabinet's custody in August 2019 and then in the custody of the Bibbs. Thus, Towns cannot satisfy the requirements of a person "acting as a parent" under KRS 403.800(13).

Towns contends that because no hearing was held and no sworn testimony was provided, the record consists only of the pleadings which contain allegations sufficient to meet the requirements for *de facto* custodianship. We disagree.

"The status of de facto custodian is not permanent and must be established each time the status is asserted." *Maynard v. Pinson*, No. 2020-CA-1107-MR, 2021 WL 4126010, at *2 (Ky. App. Sep. 10, 2021). When Towns filed her petition in May 2020, J.J. was four years of age. Thus, Towns had to establish that the child had resided with her for a year or more. In *Cherry v. Carroll*, 507

-10-

S.W.3d 23, 28 (Ky. App. 2016), this Court explained that KRS 403.270(1)(a) "contemplates residency of one year or more with the same person who is the primary caregiver and financial supporter . . . .  The phrase 'period of one (1) year or more" must be read to mean twelve *continuous* months . . . .'  J.J. had not resided with Towns since August 2019 when she was placed in the Cabinet's custody -- nine months before the petition was filed.  Thus, she had not resided with Towns for twelve continuous months before May 20, 2020.

Moreover, in reaching its decision the trial court considered the DNA file -- although it was not made a part of the record on appeal.  "It has long been held that, when the complete record is not before the appellate court, that court must assume that the omitted record supports the decision of the trial court." *Commonwealth v. Thompson*, 697 S.W.2d 143, 145 (Ky. 1985); *Lawrence v. Bingham Greenebaum Doll, L.L.P.*, 599 S.W.3d 813, 823 (Ky. 2019).

Accordingly, we are bound to assume that the DNA file supports the trial court's decision dismissing this case for lack of standing.

We affirm the dismissal of the petition by the trial court.


ALL CONCUR.

-11-

BRIEF FOR APPELLANT:            NO BRIEF FOR APPELLEE.

Bethanni Forbush-Moss
Louisville, Kentucky