**MPM FINANCIAL GROUP, INC., Appellant**

v.

**Michael P. MORTON, Appellee.**

**No. 2007–SC–000652–DG.**

Supreme Court of Kentucky.

June 25, 2009.

As Corrected June 29, 2009.

Carroll Morris Redford III, Susan Yuk Wo Chun, Miller, Griffin and Marks, PSC, Lexington, KY, Counsel for Appellant.

Charles William Arnold, Lexington, KY, Counsel for Appellee.

John T. McGarvey, M. Thurman Senn, Morgan and Pottinger, P.S.C., Debra Kaye Stamper, Kentucky Bankers Association, General Counsel, Louisville, KY, Counsel for Amicus Curiae: Kentucky Bankers Association.

Opinion of the Court by Justice VENTERS.

This case is before this Court on a grant of discretionary review to determine whether KRS 427.170, which incorporates by reference the federal bankruptcy exemptions of 11 U.S.C. § 522(d), applies only to debtors in bankruptcy proceedings, or whether it renders those exemptions available to all individual debtors in Kentucky, including those who are not involved in bankruptcy proceedings. The Court of Appeals concluded that the plain language of the statute was not ambiguous, and since it failed by express language to limit its application to debtors in bankruptcy, it applied to all individual debtors, the non-bankrupt as well as the bankrupt. We disagree, and accordingly reverse.

## I. APPLICABLE FACTS

The material facts in this case were not disputed, and are set forth below. First, we provide the history of the statutes involved, followed by a recitation of the pertinent procedural facts.

### A. Statutory Framework

Our analysis of the issue requires an examination of KRS 427.170 before and after its amendment in 2005, and its relationship to federal bankruptcy proceedings. KRS 427.150, KRS 427.160 and KRS 427.170, were enacted in 1980, as a legislative response to the 1978 revision of the federal bankruptcy code which was codified as 11 U.S.C. § 522(b)(1) and (2). That revision provided that an individual debtor in bankruptcy could choose to exempt from his or her estate either the exemptions provided under the federal bankruptcy code, or the exemptions available under the debtor's state law, unless that state had enacted legislation prohibiting such a choice. Each state was thus given the option of making the federal exemptions unavailable to debtors in bankruptcy, thereby limiting those debtors to the same exemptions provided by state law to non-bankrupt debtors domiciled in the state. By virtue of KRS 427.170, Kentucky exercised its option, which in its original form, read as follows:

> An individual debtor domiciled in this state is not authorized to exempt from property of said debtor's estate the property specified under subsection (d) of section 522 of The Bankruptcy Code of 1978, 92 Stat. 2549 (1978), Public law 95–598.

The title given to the statute was "Federal Bankruptcy Code Exemptions Not to Apply in Kentucky." Obviously, by its enactment of KRS 427.170, the General Assembly expressed the policy that Kentucky

would "opt-out" of the exemptions otherwise available to bankrupt debtors. It should also be noted that KRS 427.150 and 427.160 enumerated some of the exemptions that would be available to Kentucky debtors in bankruptcy court, in lieu of those identified in 11 U.S.C. § 522(d). Although in its original form KRS 427.170 did not expressly limit its application to debtors in bankruptcy, the statute made no sense outside the context of a bankruptcy proceeding. There was no other context in which the non-availability of the federal bankruptcy exemptions mattered.

In 2005, Congress again made substantial changes to the federal bankruptcy code by way of the Bankruptcy Abuse Prevention and Consumer Protection Act (BAPCPA). At the same time, the General Assembly reconsidered the various exemptions allowed under our statutes. Although broader revisions of our statutory exemptions were proposed, the legislature passed a revision of KRS 427.170 which simply deleted the word "not" from the statute, thereby converting Kentucky from an "opt-out" state to an "opt-in" state with respect to the exemptions provided by 11 U.S.C. § 522(d). Thus, in its present form, the statute reads:

> An individual debtor domiciled in this state is authorized to exempt from property of said debtor's estate the property specified under 11 U.S.C. § 522(d).[1]

The statute was re-titled: "Federal Bankruptcy Code Exemptions Applicable in Kentucky."

### B. Procedural Background

Appellant, MPM Financial Group, Inc. (MPM), sued Appellee, Michael P. Morton, in the Fayette Circuit Court, alleging theft and embezzlement. On January 5, 2004, judgment was entered against Morton for the sum of $14,000.00, plus court costs and interest. After entry of the judgment, Morton could not be located, and MPM's effort to execute the judgment was hindered accordingly. Eventually, Morton was found and MPM sought sources of funds or other property that could be garnished or attached to satisfy the judgment. Morton had purchased a private disability insurance policy from UNUM Provident and was currently receiving benefits under that policy amounting to $3750 per month. In July 2005, MPM served an order of garnishment on UNUM Provident. On August 11, 2005, Morton filed an Affidavit to Challenge Garnishment, claiming that the payments were "disability benefits" and were thus "totally exempt (from garnishment) per KRS 427.150." KRS 427.150(d) allows for an exemption of property consisting of "compensation of the loss of future earnings". A month later, he filed a "Notice of Exercise of Exemptions per KRS 427.170" in which he asserted KRS 427.170 as an additional basis for claiming an exemption of the policy benefits. 11 U.S.C. § 522(d) exempts from bankrupt debtor's estate disability insurance policy benefits.

Eventually, the trial court rejected Morton's claim that the policy proceeds were exempted by KRS 427.150, reasoning that disability policy proceeds are not the same thing as compensation for future loss of earnings. However, the trial court granted the challenge to the garnishment under KRS 427.170, holding that exemptions allowed under 11 U.S.C. § 522(d), and incorporated by reference into KRS 427.170, are available to any individual debtor domiciled in Kentucky. The Court of Appeals affirmed that conclusion. It declined to

---

1. The 2005 revision also modified the form by which the federal statute was cited, an immaterial change.

consider Morton's argument that trial court erred in its holding with respect to KRS 427.150, on the grounds that the issue had not been properly preserved by the filing of a cross appeal. MPM sought discretionary review of the Court of Appeals opinion, which we granted. Morton did not file a cross-petition for discretionary review with respect to the availability of an exemption under KRS 427.150.

MPM argues that the Court of Appeals failed to give due deference to the words and phrases of KRS 427.170 that have acquired specialized technical meaning, as required by KRS 446.080(4), which states:

> All words and phrases shall be construed according to the common and approved usage of language, but technical words and phrases, and such others as may have acquired a peculiar and appropriate meaning in the law, shall be construed according to such meaning.

Morton argues that the Court of Appeals followed KRS 446.080(4) by giving the words and phrases in KRS 427.170 their common and approved plain meaning.

 Before resolving that dispute, let us note first and foremost, that we are bound by subsection (1) of KRS 446.080, which directs that "[a]ll statutes of this state shall be liberally construed with a view to promote their objects and carry out the intent of the legislature." Thus, the cardinal rule of statutory construction is that the intention of the legislature should be ascertained and given effect. *Cabinet for Human Resources, Interim Office of Health Planning and Certification v. Jewish Hospital Healthcare Services, Inc.*, 932 S.W.2d 388, 390 (Ky.App. 1996). We also bear in mind that where the language of a statute is clear and unambiguous on its face, we are not free to construe it otherwise even though such construction might be more in keeping with the statute's apparent purpose. *Whittaker v. McClure*, 891 S.W.2d 80, 83 (Ky.1995).

## II. ANALYSIS

██ Upon review of KRS 427.170, we cannot escape the conclusion that a latent ambiguity exists in the statute.[2] It is not clear and unambiguous on its face. Its direct reference to 11 U.S.C. § 522 and its incorporation by reference of exemptions listed therein create ambiguity because 11 U.S.C. § 522 is applicable only in a bankruptcy proceeding. While the word "debtor," its possessive form "debtor's", and the word "estate" in KRS 427.170 are each, as the Court of Appeals opined, "words of plain and ordinary meaning," each has also acquired, "a peculiar and appropriate meaning in the law" (KRS 446.080) in the form of technical definitions from the federal bankruptcy code. Under 11 U.S.C. § 541, an "estate", in the technical sense, does not exist until an action in bankruptcy court has been commenced. It is created by the commencement of the action in bankruptcy. "Debtor," as used in 11 U.S.C. § 522, takes on the peculiar definition assigned to it by 11 U.S.C. § 101(13), and by that definition, it is a "person ... concerning which a case under this title [a bankruptcy proceeding] has been commenced." The legislature's incorporation of the federal statute into KRS 427.170 by reference thereto, created an ambiguity because it is not clear from the statute alone if the General Assembly intended to also assimilate the federal definitions embodied in the federal statute, or if it intended otherwise.

**2.** When that ambiguity does not appear on the face of the statute, but instead arises when the statutory term is applied, the ambiguity is latent. *Whitley Whiz, Inc. v. Whitley County*, 812 S.W.2d 149, 150–51 (Ky.1991).

Thus, both Morton and MPM offer reasonable but mutually exclusive interpretations of the statute. Morton, applying what he calls the "plain meaning of the words," would have us conclude that the statute affords him all of the exemptions allowed under the federal bankruptcy code, 11 U.S.C. § 522(d) because KRS 427.170 does not expressly limit the scope of its protection to debtors in bankruptcy. MPM would allow the use of the federal exemptions only to debtors involved in bankruptcy proceedings, arguing that it is incongruous to incorporate the words used by the federal law without also using the definitions attached to the words by the federal law. When the undefined words or terms in a statute give rise to two mutually exclusive, yet reasonable constructions, the statute is ambiguous. *Young v. Hammond,* 139 S.W.3d 895, 910 (Ky.2004); *See also Black's Law Dictionary* 88 (8th ed.2004), (defining ambiguity as: "An uncertainty of meaning or intention, as in a contractual term or statutory provision."); *Black's Law Dictionary* 73 (5th ed.1979) (a term is "ambiguous" when "it is reasonably capable of being understood in more than one sense").

Faced with competing interpretations of an ambiguous statute, we look to traditional rules of statutory construction. As noted above, KRS 427.170 and 427.150 were enacted together in 1980. In *Kotila v. Commonwealth,* 114 S.W.3d 226, 239–240 (Ky.2003) (overruled on other grounds by *Matheney v. Commonwealth,* 191 S.W.3d 599 (Ky.2006)), we expressed the general rule that statutes dealing with the same subject matter should be harmoniously construed so far as possible to allow both to stand and to give force and effect to each. *See also Commonwealth v. Phon,* 17 S.W.3d 106, 108 (Ky.2000) (holding that construction of a statute that render portions thereof meaningless or ineffectual must be avoided). Because all of the exemptions provided by KRS 427.150 are also provided by 11 U.S.C. § 522(d), Morton's construction of KRS 427.170 renders KRS 427.150 void of any significant meaning or purpose. If all debtors, regardless of their bankruptcy status, may claim the bankruptcy exemptions via KRS 427.170, there is no need for KRS 427.150. It would be duplicative, or superfluous. But, when we impart to the words of KRS 427.170 the meaning they have in the context of federal bankruptcy statutes, KRS 427.150 retains substance and a clear purpose. We presume that the General Assembly was aware of KRS 427.150 when it acted to modify KRS 427.170 and that if it had intended to eliminate or repeal the former when it modified the latter, it would have clearly done so. *Shewmaker v. Commonwealth,* 30 S.W.3d 807, 809 (Ky. App.2000).

MPM argues that we should consider the legislative history and the transcript of legislative committee hearings on the 2005 modification of KRS 427.170. We are generally reluctant to do so, but where the language of a statute has been found to be ambiguous or uncertain, reference may be had to the legislative records showing the legislative history of the act in order to ascertain the intent of the legislature. *Temperance League of Kentucky v. Perry,* 74 S.W.3d 730, 737 (Ky.2002). The portions of that transcript of record in this case strongly indicate that the 2005 revision was not intended to affect the exemptions then available to non-bankrupt debtors.

The conclusions reached by the trial judge and the Court of Appeals, and urged upon us by Morton, would mark a substantial departure from a long-established legislative policy on the subject of exemptions and exempt property, which we believe raises doubt about whether the legislature

intended such a result, and warrants an examination of available information bearing on the purpose behind the legislation in question. *Travelers Indemnity Co. v. Reker*, 100 S.W.3d 756, 763–764 (Ky.2003). From 1980 to 2005, there can be no doubt that KRS 427.170 had no purpose beyond its expression of Kentucky's option to allow or disallow Kentucky debtors in bankruptcy court to claim the federal exemptions allowed by 11 U.S.C. § 522(d). Then, the General Assembly elected to disallow the federal exemptions and rely solely upon the exemptions crafted by our legislature. In 2005, the simple deletion from the statute of the word "not" suggests nothing more than a decision to reverse the option, from one that disallowed the federal exemptions to bankrupt residents to one that allowed them to claim the exemptions. We cannot read into the modified statute any intent or purpose to do more. Prior to 2005, the phrase "property of said debtor's estate," in KRS 427.170, referred only to the property of bankrupt debtors. Nothing about the deletion of the word "not" implies that the meaning of that phrase was changed by the amendment.

Furthermore, Morton's interpretation of KRS 427.170 results in the conclusion that the General Assembly's reference in KRS 427.170 to the federal bankruptcy code is merely a shorthand means of incorporating into Kentucky law, for all debtors, whatever exemptions Congress may choose to adopt. We find it doubtful that, after controlling the determination of statutory exemptions since the establishment of the Commonwealth itself, and after maintaining such control for twenty-five years *after* receiving the option of making federal exemptions available to Kentucky debtors in Bankruptcy Court, the General Assembly, by simply striking a single word from the statute, would cede to the U.S. Congress its authority to determine the exemptions

which should be available to Kentucky debtors in all cases whatsoever. We will not infer such intent or purpose from the face of the legislative enactment at issue here, nor do we see anything in the legislative record that evinces such an intent or purpose. The legislative record strongly suggests that the legislature simply chose to "opt-in" the federal exemptions in bankruptcy cases, and to defer for future consideration any other change in the exemptions otherwise allowed under state law.

■ Based upon the legislative history and record; and upon our reluctance to interpret a statute in such a way that, by implication, renders other statutes meaningless or superfluous; and upon the principle that words which have "a peculiar and appropriate meaning in the law" (KRS 446.080(4)) should be construed accordingly, we conclude that KRS 427.170, as modified in 2005, authorizes only Kentucky residents in bankruptcy cases to avail themselves of the exemptions specified under 11 U.S.C. § 522(d), and that such exemptions are not otherwise available to debtors in Kentucky.

### III. MORTON WAIVED THE RIGHT TO CLAIM AN EXEMPTION UNDER KRS 427.150(2)(D)

■ Morton's initial challenge to the garnishment of his disability insurance benefits was based on the exemptions provided under KRS 427.150(2)(d). The Fayette Circuit Court rejected the challenge, ruling that Morton's disability insurance payments did not fall within the exemption under KRS 427.150(2)(d) extended to compensation paid for the loss of future earnings. The Court of Appeals declined to consider the issue because he had not properly preserved the issue by filing a cross-appeal. It affirmed Morton's judgment on other grounds. MPM sought dis-

cretionary review of the adverse opinion of the Court of Appeals but Morton did not. Civil Rule 76.21(1) requires that if a motion for discretionary review is granted by this Court, a respondent has ten days thereafter within which to seek similar review of additional issues which, although not presented in the motion granted, should be considered to properly dispose of the case. Morton's failure to file a cross-motion for discretionary review to address that issue precludes our consideration of the issue.

### IV. CONCLUSION

For the reasons set forth herein, we reverse the decision of the Court of Appeals and remand this matter to the Fayette Circuit Court for further proceedings consistent with this opinion.

All sitting. All concur.