**Jesse RICE, Appellant**

v.

**COMMONWEALTH of Kentucky, Appellee**

2014–SC–000733–DG

Supreme Court of Kentucky.

RENDERED: JUNE 16, 2016

Counsel for Appellant: John Gerhart Landon, Assistant Public Advocate

Counsel for Appellee: Andy Beshear, Attorney General of Kentucky, Leilani K.M. Martin, Assistant Attorney General

OPINION OF THE COURT BY
JUSTICE WRIGHT

Appellant, Jesse Rice, had a blood alcohol level of .212 when arrested on charges of driving under the influence (DUI), fourth offense; driving on a DUI-suspended license, second offense; reckless driving; and possessing an open alcoholic beverage container in his vehicle. A Bourbon County grand jury indicted Rice on these charges. Rice pled guilty to two Class D felonies—DUI, fourth offense, and driving on a DUI-suspended license, second offense. The trial court accepted his plea deal, sentencing Rice to two years for DUI and one year for driving on a suspended license, ordering the sentences to run consecutively. While the trial court probated Rice's three-year sentence for five years, it imposed the mandatory-minimum sentence of 240 days, as required by the statute. KRS 189A.010(5)(d).

By the time of his sentencing, Rice had sought in-patient alcohol treatment at the Isaiah House, where he committed to complete a minimum of eight months. Both Rice and his caseworker expressed concerns to the trial court that time in prison or jail would negate the efforts Rice had made and urged the judge to allow Rice to serve the 240 days through home incarceration. The trial court expressed doubts as to whether Rice was eligible for home incarceration and preliminarily ruled that Rice did not qualify. However, the trial court stayed imposition of the 240-day sentence pending appeal.

Rice appealed to the Court of Appeals, which affirmed the trial court's ruling that Rice was ineligible for home incarceration. Rice then filed a motion for discretionary review to this Court, which we granted. On appeal, Rice argues that it is within the discretion of the trial court to order that he serve his 240-day sentence by means of home incarceration.

■ This case turns on our construction of several statutes. "The construction and application of statutes is a matter of law and may be reviewed de novo." *Bob Hook Chevrolet Isuzu, Inc. v. Com. Transp. Cabinet*, 983 S.W.2d 488, 490 (Ky. 1998). We first turn to our principles of statutory construction:

> In construing statutes, our goal, of course, is to give effect to the intent of the General Assembly. We derive that intent, if at all possible, from the language the General Assembly chose, either as defined by the General Assembly or as generally understood in the context of the matter under consideration. *Osborne v. Commonwealth*, 185 S.W.3d 645 (Ky.2006). We presume that the General Assembly intended for the statute to be construed as a whole, for all of its parts to have meaning, and for it to harmonize with related statutes. *Hall v. Hospitality Resources, Inc.*, 276 S.W.3d 775 (Ky.2008); *Lewis v. Jackson Energy Cooperative Corporation*, 189 S.W.3d 87 (Ky.2005). We also presume that the General Assembly did not intend an absurd statute or an unconstitutional one. *Layne v. Newberg*, 841 S.W.2d 181 (Ky. 1992). Only if the statute is ambiguous or otherwise frustrates a plain reading, do we resort to extrinsic aids such as the statute's legislative history; the canons of construction; or, especially in the case of model or uniform statutes, interpretations by other courts. *MPM Financial Group, Inc. v. Morton*, 289 S.W.3d 193 (Ky.2009); *Knotts v. Zurich*, 197 S.W.3d 512 (Ky.2006); *Stephenson v. Woodward*, 182 S.W.3d 162 (Ky.2005).

*Shawnee Telecom Res., Inc. v. Brown*, 354 S.W.3d 542, 551 (Ky.2011).

■ With those guideposts in mind, we turn to the statutes at hand. In 1998, the legislature amended the home incarcera-

tion statute. Prior to the amendment, only misdemeanants were eligible for home incarceration. However, the amended statute reads, in pertinent part:

> Any misdemeanant *or a felon who has not ... pled guilty to ... a violent felony offense* may petition the sentencing court for an order directing that all or a portion of a sentence of imprisonment in the county jail be served under conditions of home incarceration. Such petitions may be considered and ruled upon by the sentencing court prior to and throughout the term of the defendant's sentence.

KRS 532.210 (emphasis added). In construing this statute, we must assume that all its parts—including the amendment— have meaning. *Shawnee Telecom*, 354 S.W.3d at 551.

Rice pled guilty to two non-violent Class D felonies. Therefore, under the language of the amended home incarceration statute, it appears he would be eligible for home incarceration. However, in attempting to harmonize KRS 532.210 with the DUI statute, KRS 189A.010, the Court of Appeals held that Rice was ineligible for home incarceration. That court based its ruling in part on the fact that the home incarceration statute applies to "all or a portion of a sentence of imprisonment *in the county jail.*" KRS 532.210 (emphasis added). The Court of Appeals next examined the language of KRS 189A.010. Subsections 5(a)-(c) of that statute set out the mandatory minimum sentences for first, second, and third DUI offenses. Each of those subsections states that any resultant imprisonment be served "in the county jail." However, subsection 5(d), which sets out the mandatory minimums for fourth offense DUI, leaves out the "in the county jail" language, specifying only the length of imprisonment (240 days in this case) without mention of where any such sentence should be served.

Because the home incarceration statute (KRS 532.210) specifies that a trial court may order "all or a portion of a sentence of imprisonment in the county jail" to be served via home incarceration, the Court of Appeals reasoned that home incarceration was not available for DUI fourth, since KRS 189A.010(5)(d) does not indicate the sentence for such crime shall be served in the county jail. The Court of Appeals, however, did acknowledge the existence of KRS 532.100(4)(a). That statute provides, in pertinent part, "if a Class D felon is sentenced to an indeterminate term of imprisonment of five (5) years or less, he shall serve that term in a county jail ..." with certain exceptions. Here, Rice was convicted of two non-violent Class D felonies and was sentenced to an indeterminate term of imprisonment of five years or less. Therefore, subject to KRS 532.100(4)(a), he *shall* serve that term in the county jail.[1] The Court of Appeals reasoned that this did not affect its determination in Rice's case, as he would still serve his sentence as a state prisoner. Thus, according to that court, Rice would be under the control of the Department of Corrections rather than the county jailer, as required for eligibility for home incarceration pursuant to KRS 532.210(5). However, we note the importance to read the statutes together so they harmonize with one another.

We disagree with the Court of Appeals' reasoning. With certain enumerated exceptions, Class D felons sentenced to inde-

---

1. The Court of Appeals stated Rice *could* serve his sentence in the county jail; however, this does not comport with the General Assembly's compulsory language directing that offenders sentenced to serve an indeterminate term of five years or less "shall" serve that term in the county jail.

terminate terms of imprisonment of five years or less serve said sentence in county jails. Rice received such a sentence and is, therefore, eligible for home incarceration at the discretion of the trial court. Holding otherwise renders the General Assembly's amendment to KRS 532.210(1) meaningless. The portion of KRS 532.210(5) regarding inmates being under the control of the county jailer was in effect at the time the General Assembly amended subsection (1) of the same statute. We must read the text of the statute as a whole in order to give meaning to and effectuate the General Assembly's intent. *Shawnee Telecom*, 354 S.W.3d at 551. Therefore, we hold that the General Assembly's specific statement "[a]ny misdemeanant *or a felon who has not ... pled guilty to ... a violent felony offense* may petition the sentencing court for an order directing that all or a portion of a sentence of imprisonment in the county jail be served under conditions of home incarceration" means just what it says: that nonviolent felons such as Rice are eligible to petition the trial court for home incarceration. Holding otherwise negates the General Assembly's textual amendment adding non-felons to those eligible for home incarceration.

For the foregoing reasons, we reverse the Court of Appeals and remand to the Bourbon Circuit Court for further proceedings consistent with this opinion.

All sitting. All concur.