RENDERED: AUGUST 27, 2021; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2020-CA-1378-MR

NORMAN RADTKE AND THE
ESTATE OF DONALD MCALLISTER                                      APPELLANTS

v.
APPEAL FROM JEFFERSON CIRCUIT COURT
HONORABLE A.C. MCKAY CHAUVIN, JUDGE
ACTION NO. 14-CI-002424

ERNEST EGGERS; AMERIPRISE
FINANCIAL SERVICES, INC., AKA
AMERIPRISE, AMERIPRISE
FINANCIAL, AMERIPRISE
FINANCIAL SERVICES, LLC; DKCD,
INC.; AND DON COOK                                               APPELLEES

OPINION
AFFIRMING

** ** ** ** **

BEFORE: ACREE, COMBS, AND MAZE, JUDGES.

COMBS, JUDGE: This case involves an attempt to collect on a judgment by

means of a non-wage garnishment.

Dr. Norman Radtke and the Estate of Dr. Donald McAllister appeal orders of the Jefferson Circuit Court entered in favor of Dr. Ernest Eggers. Dr. Radtke and McAllister's estate seek to collect on a valid, final judgment that they won against Dr. Eggers on the basis of a promissory note executed by Eggers as part of his investment in Renaissance Realty Investments I, LLC. However, in an order entered on September 28, 2020, the circuit court denied the motion of Dr. Radke and the Estate to enforce a garnishment of funds held in certain retirement accounts by Ameriprise Financial on behalf of Eggers. Subsequently, in an order entered December 22, 2020, the court denied a motion to alter, amend, or vacate the September order. Having considered the arguments on appeal, we affirm.

In 2018, Dr. Radtke and Dr. McAllister were granted judgment against Dr. Eggers in the amount of $467,911.82, plus costs and interest. In 2020, Dr. Radke filed an affidavit for a writ of non-wage garnishment. He sought to garnish the retirement funds of Dr. Eggers. Ameriprise Financial was the custodian of the retirement accounts. Dr. Radtke served Ameriprise Financial with an order of garnishment, and Ameriprise Financial responded with an affidavit and answer. In its answer, Ameriprise Financial disclosed that it held more than $800,000.00 in two Individual Retirement Accounts (IRAs) belonging to Dr. Eggers. Ameriprise Financial became custodian of the accounts in December 2017 when Dr. Eggers transferred directly to Ameriprise Financial the assets of an

existing Hilliard Lyons IRA account. Ameriprise Financial declined to disburse the funds sought by Dr. Radtke and instead placed a hold on the accounts pending further order of the court. Dr. Eggers filed a motion to quash the garnishment; Dr. Radtke and Dr. McAllister filed a motion to enforce it.

A telephonic hearing was conducted by the Jefferson Circuit Court on April 26, 2020. At this hearing, Dr. Eggers contended that the disputed retirement funds were exempt from garnishment. Following the hearing, the parties were given an opportunity to supplement the record; a second telephonic hearing was held on June 24, 2020. In an order entered on September 28, 2020, the circuit court concluded that the provisions of KRS[1] 427.150(2) exempted from garnishment the retirement funds held in the Ameriprise Financial IRA accounts owned by Dr. Eggers. The court held specifically that the transfer of the disputed accounts from one financial institution to another financial institution did not constitute a "contribution" to the Ameriprise Financial account which might have arguably resulted in forfeiture of the exempt status of the retirement funds -- especially in light of the proximity of the timing between the transfer of funds and the entry of judgment. In an order entered on December 22, 2020, the court denied the motion to alter, amend, or vacate. This appeal followed.

---

[1] Kentucky Revised Statutes.

On appeal, Dr. Radtke and the Estate of Dr. McAllister argue that the trial court erred in its application of the provisions of KRS 427.150(2). They also contend that the court misread the holding of the Supreme Court of Kentucky in *MPM Financial Group, Inc. v. Morton*, 289 S.W.3d 193 (Ky. 2009).

KRS 427.150 describes property that is either totally or partially exempt from the enforcement of a judgment through garnishment. Subsection (2) includes a specific exemption for pensions and various types of retirement accounts -- including IRAs. KRS 427.150(2)(f). However, the statute expressly provides that the exemption from garnishment **does not apply** "to any amounts contributed to an individual retirement account" if the contribution occurs within one hundred twenty (120) days of the entry of the judgment against the debtor.

Dr. Radtke and the Estate contend that the Ameriprise Financial IRA accounts are not exempt because they were funded in December 2017 -- within 120 days of the judgment entered against Dr. Eggers in January 2018. They essentially argue that the transfer of funds constituted a contribution that would render the exemption subject to forfeiture. We disagree.

The trial court did not err by concluding -- under the facts of this case -- that a routine **substitution of custodian** with respect to a debtor's IRA account did not strip the retirement account of the protections specifically provided by the General Assembly in the text of KRS 427.150. The substitution of custodian --

-4-

*i.e.*, the transfer of an existing, qualified, tax-deferred retirement account from one financial institution directly to another financial institution -- does not constitute a "contribution" of any amount to the retirement account. No amount from the existing accounts was distributed to Dr. Eggers as part of the transaction; no taxable event occurred; no amount of "new money" was added to the account. The statute is not ambiguous. Because the transaction of December 2017 was not a "contribution" to any retirement account, the funds did not lose their exempt status.

The Supreme Court of Kentucky did not hold otherwise in *MPM Financial Group, Inc. v. Morton*, 289 S.W.3d 193 (Ky. 2009). In *MPM Financial*, the court considered: (1) whether provisions of KRS 427.170, which incorporate by reference the federal bankruptcy exemptions established by federal statute, apply only to **judgment debtors in bankruptcy**; or (2) whether the provisions render the federal exemptions available to **all** individual debtors in Kentucky -- including those who are not involved in bankruptcy proceedings. The court's analysis centered on the provisions of KRS 427.170 -- not the provisions of KRS 427.150.

Outside of its recitation of the procedural facts and the plain distinction it draws between the provisions of KRS 427.170 and KRS 427.150, the court makes mention of the provisions of KRS 427.150 only in cursory fashion; *i.e.*, to note that the debtor had failed to seek discretionary review of our

conclusion that any issue related to the application of the provision had been waived by the debtor's failure to appeal the trial court's order. The court concluded that the debtor waived his right to claim an exemption under the provisions of KRS 427.150 solely because of his failure to file a cross-motion for discretionary review. The court discussed only a procedural point rather than a substantive issue that might have precedential impact. Consequently, neither the analysis nor the holding of the Court in that opinion is relevant to the issue here on appeal.

The trial court did not err in its application of the provisions of KRS 427.150. Therefore, we AFFIRM its orders.


ALL CONCUR.


| BRIEFS FOR APPELLANT: | BRIEF FOR APPELLEE ERNEST EGGERS: |
|---|---|
| Gregory Ward Butrum<br>Louisville, Kentucky | Steven A. Snow<br>Louisville, Kentucky |